# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

**United States of America,**

        **Plaintiff,**

**v.**
           **Case Nos.  3:03-cr-017**
                    **3:04-cv-278**
             **Judge Thomas M. Rose**

**K'inda Aklah Anderson,**

        **Defendant.**

---

### ENTRY AND ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS.  (DOC. 82).

---

Pending before the Court is a Report and Recommendation, doc. 99, to which K'inda Anderson has filed an objection.  Doc. 100.  The Report and Recommendation urges the Court to deny Defendant's Motion to Vacate, Set Aside, or Correct a Sentence, pursuant to 28 U.S.C. § 2255.  Doc. 82.  At the Court's request, the Government answered the motion.  Doc. 90. Anderson's traverse withdrew all of her claims except one asserting ineffective assistance of Counsel with respect to her desire to appeal.  Doc. 98.

At sentencing, Anderson told her attorney that she wished to appeal.  Her attorney, due to his belief that Anderson had no meritorious arguments to pursue on appeal, chose not to perfect her appeal.  Instead, he prepared the papers necessary to perfect the appeal, instructing her to come to his office and sign them, after which he would file them for her.  Anderson's petition

asserts this as a basis for finding that she had been rendered ineffective assistance of counsel. Doc. 82, ground 2.

The Government opposed Anderson's claim of ineffective assistance of appellate counsel, asserting that Anderson has shown neither deficient performance nor prejudice, as required by *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Doc. 90, at 3-4. The magistrate judge agreed, reasoning that a lawyer is not required to file a pleading which he believes to be meritless. Doc. 99 at 2 (citing Fed. R. Civ. P. 11). While this reasoning has its appeal, it is trumped by counsel's duty to file a notice of appeal when requested to do so.

"Trial counsel in criminal cases, whether retained or appointed by the district court, is responsible for the continued representation of the client on appeal until specifically relieved by this Court." 6 Cir. R. 101(a). "The decision whether to appeal is generally not the sort of tactical decision on which a lawyer is permitted to override his client's wishes." *United States v. Pankey*, 1989 WL 78939 * 4 (6th Cir. July 18, 1989). The Court notes, however, that the cases cited to in *Pankey* involve defendants who were incarcerated, while Anderson was granted voluntary surrender. Cf. doc. 73 and cases gathered at *Pankey*, *4.

There is nothing meritless in filing a notice of appeal. Truly, Anderson desired an appeal. Counsel for Anderson could have, in good faith, informed the Court of his client's intention to appeal her guilty plea or some aspect of her sentence. If, after filing this notice, counsel finds himself constrained in briefing the appeal due to the absence of arguably meritorious claims, Sixth Circuit Rule 101(f)(3) obliges him to file a brief in accordance with *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396 (1967) ("[I]f counsel finds [the] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and

request permission to withdraw," filing "a brief referring to anything in the record that might arguably support the appeal.").  While Anderson's freedom after sentencing renders the instant case somewhat unique, the Court finds counsel's reluctance to sign the notice of appeal himself contrary to Sixth Circuit Rule 101(a).

Once this point is resolved, the case becomes subject to the well-defined contours of *Anders* case-law.  Prejudice is presumed from counsel's failure to file a notice of appeal or a brief complying with the requirements of *Anders*.  *Pankey,* \*6 (citing *Penson v. Ohio*, 488 U.S. 75, 109 S. Ct. 346 (1988)). "[T]he failure to perfect a direct appeal when requested by the defendant violates the Sixth Amendment without regard to the probability of success on appeal." *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998).

Wherefore, the Court **GRANTS** the document entitled Defendant's Motion to Vacate, Set Aside, or Correct a Sentence, pursuant to 28 U.S.C. § 2255.  Doc. 82.  K'inda A. Anderson is hereby **GRANTED** permission to file an appeal within ten days.  Attorney Gary W. Crim is hereby **AUTHORIZED** to file a notice of appeal and request for appointment of appellate counsel on behalf of K'inda Akilah Anderson.

**DONE** and **ORDERED** in Dayton, Ohio, Friday, July 22, 2005.


s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE